IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHANN GARY BARNES | § | |
| VS. | § | CIVIL ACTION NO.  1:22-CV-158 |
| WARDEN, FCI BEAUMONT MEDIUM | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Johann Gary Barnes, a prisoner confined at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner challenges the calculation of his federal sentence.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural History

On January 29, 2018, Petitioner was arrested by the Benton Police Department in Louisiana for multiple offenses under cause numbers C-226710, C-226710A, C-226710B, C-226710C, and 64651.

On January 30, 2018, Petitioner was sentenced to a 2-year term of imprisonment in the First Judicial District Court of Caddo Parish in cause number 338908.  On June 26, 2018, Petitioner was sentenced to a 24-month term of imprisonment in cause number C-217456 and a 12-month term of imprisonment in cause number C-218561 in the 26th Judicial District Court of Bossier Parish.

Petitioner was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum on August 7, 2018.  Petitioner was paroled from his state sentences on May 27, 2019.

On June 10, 2019, Petitioner was sentenced to a 78-month term of imprisonment by the United States District Court for the Western District of Louisiana. The judgment stated that Petitioner should be credited for time served from August 7, 2018. The same day, the remaining state charges against Petitioner were dismissed. On June 17, 2019, Petitioner taken into the primary federal custody when it was discovered that he had been paroled from his state sentences.

The Bureau of Prisons determined that Petitioner's sentence commenced on June 17, 2019, when he was taken into primary federal custody. The Bureau of Prisons also found that Petitioner was entitled to pre-sentence credit for January 29, 2018, and for May 28, 2019, through June 16, 2019, because that time was not credited toward his state sentences. The Bureau of Prisons determined that Petitioner's projected release date is January 5, 2025.

<u>The Petition</u>

Petitioner contends that the Bureau of Prisons should award him credit from January 29, 2018, the date of his arrest, through May 27, 2019, the date he was paroled from his state sentences.

<u>Analysis</u>

A federal sentence begins to run "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). A federal sentence cannot commence prior to the date it is imposed, even if it is ordered to run concurrently with a previously-imposed sentence. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980).

A defendant convicted of a federal crime is entitled to credit for certain time spent in official detention prior to the date the sentence begins. The statute provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. The statute authorizes credit only for time that has not been credited toward another sentence. *United States v. Wilson*, 503 U.S. 329, 334 (1992). The Attorney General, through the Bureau of Prisons, determines what credit should be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences. *Wilson*, 503 U.S. at 333-34; *Leal,* 341 F.3d at 428.

The Bureau of Prisons correctly concluded that Petitioner's sentence commenced on June 17, 2019, the date on which he was released to the primary custody of federal authorities. Petitioner received credit for pre-sentence custody for January 29, 2018, and for May 28, 2019, through June 16, 2019, because that time was not credited toward his state sentences. Plaintiff received credit toward his state sentences for the time he spent in jail from January 30, 2018, through May 27, 2019. Therefore, he is not entitled to also have the time credited toward his federal sentence. *See United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983).

Petitioner is not entitled to credit for the time he spent in federal custody pursuant to a writ of habeas corpus ad prosequendum prior to May 28, 2019, because that time was credited toward his

3

state sentences. *Lopez v. Jeter*, 170 F. App'x 894, at *1 (5th Cir. 2006). Although the sentencing court ordered that Petitioner should be granted credit toward his federal sentence beginning on the date he was taken into federal custody pursuant to the writ of habeas corpus ad prosequendum, the court did not have the authority to award pre-sentence credit. *United States v. Taylor*, 973 F.3d 414, 418 (5th Cir. 2020). That authority is entrusted solely to the Bureau of Prisons, which, in this case, correctly calculated Petitioner's sentence. Therefore, Petitioner is not entitled to habeas relief.

<u>Recommendation</u>

The petition for writ of habeas corpus should be denied.

<u>Objections</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 1st day of May, 2023.

Zack Hawthorn
United States Magistrate Judge

4